```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

ADAM COLE TUNNELL            ]
    Plaintiff,              ]
                             ]
v.                           ]            No. 3:11-0129
                             ]            Judge Campbell
RICKY BELL, et al.           ]
    Defendants.            ]


## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the South Central Correction Center in Clifton, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Ricky Bell, Warden of the Riverbend Maximum Security Institution, and the Tennessee Department of Correction, seeking unspecified relief.

The plaintiff's statement of claim in its entirety reads as follows :

> On February 18, 2010, while in the custody of Tennessee Department of Correction, while in route from M.C.C.F. to S.C.C.F., I was in a car accident while exiting the sally port of R.M.C.F. I as well as other inmates were injured during this accident. (Sam Bell #431243, 3232 Selma Ave. Knoxville, TN 37914) whose {sic} is also in T.D.O.C. custody was also injured.

Docket Entry No.1 at pg.4.

*Pro se* pleadings are subject to liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim which the plaintiff

has not spelled out in his complaint. <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. <u>Lillard v. Shelby County Board of Education</u>, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. <u>Wells</u>, *supra*. The plaintiff must identify the right or privilege that was violated and the role of each defendant in the alleged violation. <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir. 1982).

In this case, the plaintiff has neglected to identify any right or privilege that was violated by the defendants. This is an element necessary for any viable § 1983 claim. <u>Parratt v. Taylor</u>, 101 S.Ct. 1908 (1981). Nor has the plaintiff explained what role each defendant played in the alleged violation. At best, the accident itself reflects nothing more than an act of negligence, which is not actionable under § 1983. <u>Estelle v. Gamble</u>, 97 S.Ct. 285 (1976).

The plaintiff did attach to the complaint copies of grievances he has filed relating to the accident. The grievances suggest that the plaintiff was not receiving adequate medical care for injuries suffered during the accident. However, it does not appear that the defendants would have any involvement in assessing the plaintiff's need for medical care. Consequently, the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss this action *sua*

*sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge